IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NICHOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-571-SLR |
| | ) |
| DEPARTMENT OF CORRECTION, | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN RAPHAEL WILLIAMS, | ) |
| CORRECTION MEDICAL SERVICES, | ) |
| PAUL HOWARD, and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of November, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion to appoint counsel is **denied** as moot, and his complaint is **dismissed**, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff John Nicholas ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff has also filed a motion to appoint counsel. (D.I. 7)

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his

pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff alleges that on or about November 16, 2005, he was being transported from the New Castle County Courthouse to HRYCI. Plaintiff alleges that, at the time, HYRCI was under the supervision of defendant Warden Raphael Williams ("Williams") who is employed by the Delaware Department of Correction ("DOC"). Plaintiff alleges that, upon his arrival at the HYRCI sally port parking garage, he was instructed by defendant John Doe ("Doe") to step down from the DOC van. Plaintiff alleges that Doe left him and other inmates unsupervised and unattended. Plaintiff alleges that when he stepped down onto a black gated step below the exit door of the van, his shackle became lodged in the step and, as a result, he fell face first to the cement sally port garage sustaining injuries to his face, nose, head, and back.

5. Plaintiff alleges that he was taken to St. Francis Hospital for medical treatment. He received medication and underwent x-rays, MRIs and CT scans. Plaintiff was placed in the infirmary upon his return to HRYCI. Plaintiff alleges that he continued to have pain and was seen by a doctor at the HYRCI who prescribed pain medication.

6. Plaintiff submitted a grievance against defendant Correction Medical Services ("CMS");[1] it was denied and plaintiff appealed the matter to defendants Paul Howard ("Howard") and Carl Danberg ("Danberg"). Plaintiff alleges he continues to suffer from

---

[1] CMS was inadvertently omitted from the caption of the October 9, 2007 order. (D.I. 4)

his unfortunate problems while at HRYCI. He seeks compensatory damages.

7. **Eleventh Amendment Immunity.** The DOC, an agency of the State of Delaware, is a named defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corr., 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. Plaintiff's claims against the DOC have no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, the claims are dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) and § 1915A(b).

8. **Respondeat Superior.** Plaintiff seeks to hold Warden Williams liable on the basis of his supervisory position as warden of HRYCI. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

9. There is nothing in the complaint to indicate that Warden Williams was the "driving force [behind]" plaintiff's alleged constitutional violations. More so, the

complaint does not indicate that Warden Williams was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the claims against Warden Williams are dismissed as they have no arguable basis in law or in fact.

10. **Negligence**. Plaintiff alleges that Doe instructed him to step down from the DOC van, left him unattended and unsupervised and, as a result, plaintiff's shackles lodged in a step, he fell and was injured. The claims do not speak to a constitutional violation but, rather, allege simple negligence.

11. The Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. See Daniels v. Williams, 474 U.S. 327, 330-30 (1986); see also Walker v. Reed, 104 F.3d 156, 158 (8th Cir. 1997) (holding that prison officials' simple negligence does not amount to violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhuman conditions of confinement). Consequently, plaintiff's § 1983 claim against defendant Doe has no arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **Medical Needs**. Although not specifically stated, it appears that plaintiff attempts to allege a medical needs claim against CMS. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate

indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

13. The complaint does not allege deliberate indifference to plaintiff's medical needs. To the contrary, the complaint alleges plaintiff received medical treatment. Plaintiff alleges that following his fall, he was taken to the hospital where he received medical treatment. Upon release from the hospital, plaintiff was placed in the HRYCI infirmary and, later, he received treatment from a physician at the HYRCI. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. The medical needs claim has no arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. **Grievance**. Plaintiff alleges that he submitted a grievance against CMS, it as denied, and his appeal was denied by Howard and Danberg. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have

a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer upon prison inmates any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

15. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations against defendants CMS, Howard, and Danberg regarding unconstitutional conduct relating to the grievance plaintiff filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

16. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976). Plaintiff's motion to appoint counsel (D.I. 7) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE